**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50316 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02651-AJB-1 |
| v. | |
| VICTOR MANUEL BANUELOS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 2, 2020**

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Victor Manuel Banuelos appeals from the district court's judgment and

challenges the 120-day sentence and 30-month term of supervised release imposed

upon revocation of supervised release.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Banuelos contends that the district court procedurally erred by failing to calculate the Guidelines range and explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. At the revocation hearing, the district court referred to the probation office's report, which contained the Guidelines calculation, and showed its familiarity with the parties' sentencing recommendations. Moreover, the court engaged in an extended discussion with counsel and the probation officer about Banuelos's personal history, his history on supervision and the circumstances giving rise to the supervised release violation, and how best to rehabilitate him following his release. From this record, the court's reasons for imposing the below-Guidelines sentence and 30-month supervised release term can be inferred. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Even assuming the district court erred, Banuelos has not shown a reasonable probability that he would have received a different sentence absent the errors. *See United States v. Christensen*, 732 F.3d 1094, 1101-02 (9th Cir. 2013).

**AFFIRMED.**

19-50316